SPENCER FANE LLP
David Funkhouser (No. 022449)
Anelisa Benavides (No. 036446)
2425 East Camelback Road, Suite 850
Phoenix, AZ 85016-4251
Telephone: (602) 333-5430
Facsimile: (602) 333-5431
dfunkhouser@spencerfane.com

Attorneys for Defendants Broker Solutions, Inc., dba Kind Lending, and Kind Lending, L.L.C.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Bonnie Creech,<br><br>Plaintiff,<br><br>v.<br><br>Barrett Financial Group, L.L.C.; Broker Solutions, Inc., dba Kind Lending, Kind Lending, L.L.C.; John Claude Hegglin, an individual, and as an agent of Barrett Financial Group, L.L.C., Broker Solutions, Inc., dba Kind Lending; and. Kind. Lending, L.L.C.; and Jane and John Doe employees 1-10.<br><br>Defendants. | No. 2:22-cv-00871-SMB<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Broker Solutions, Inc., dba Kind Lending and Kind Lending L.L.C. (hereinafter "Defendants") hereby submit their Answer and Affirmative Defenses to Plaintiff's Complaint, as follows:

## I. PARTIES, JURISDICTION AND VENUE

1. Upon information and belief, Defendants admit the allegations contained in paragraph 1.

2. Defendants believe that the allegations contained in paragraph 2 may be true, but are without knowledge or information sufficient to make an unequivocal admission of such, and therefore deny the same.

3. Defendants believe that the allegations contained in paragraph 3 may be true, but are without knowledge or information sufficient to make an unequivocal admission of such, and therefore deny the same.

4. Defendants deny the allegations in paragraph 4 as they relate to Enrico Arvielo and Patricia Arvielo. Defendants admit the remaining allegations in paragraph 4.

5. Defendants admit the allegations in paragraph 5.

6. Defendants affirmatively allege that paragraph 6 does not require a response.

7. Defendants believe that the allegations contained in paragraph 7 may be true, but are without knowledge or information sufficient to make an unequivocal admission of such, and therefore deny the same.

8. Defendants admit that venue is proper for Plaintiff's claims as pleaded.

## II. GENERAL ALLEGATIONS

9. Defendants believe that the allegations contained in paragraph 9 may be true, but are without knowledge or information sufficient to make an unequivocal admission of such, and therefore deny the same.

10. Defendants believe that the allegations contained in paragraph 10 may be true, but are without knowledge or information sufficient to make an unequivocal admission of such, and therefore deny the same.

11. Defendants are without sufficient information with regard to the allegations in paragraph 11, and therefore deny the same.

12. Defendants believe that the allegations contained in paragraph 12 may be true, but are without knowledge or information sufficient to make an unequivocal admission of such, and therefore deny the same.

13. Defendants believe that the allegations contained in paragraph 13 may be true, but are without knowledge or information sufficient to make an unequivocal admission of such, and therefore deny the same.

14. Defendants believe that the allegations contained in paragraph 14 may be true, but are without knowledge or information sufficient to make an unequivocal admission of such, and therefore deny the same.

15. Defendants believe that the allegations contained in paragraph 15 may be true, but are without knowledge or information sufficient to make an unequivocal admission of such, and therefore deny the same.

16. Defendants believe that the allegations contained in paragraph 16 may be true, but are without knowledge or information sufficient to make an unequivocal admission of such, and therefore deny the same.

17. Defendants are without sufficient information with regard to the allegations in paragraph 17, and therefore deny the same.

18. Defendants are without sufficient information with regard to the allegations in paragraph 18, and therefore deny the same.

19. Defendants are without sufficient information with regard to the allegations in paragraph 19 of the Complaint, and therefore deny the same.

20. Defendants believe that the allegations contained in paragraph 20 may be true, but are without knowledge or information sufficient to make an unequivocal admission of such, and therefore deny the same.

21. Defendants affirmatively allege that the Changed Circumstances Letter and revised Loan Estimate Statement (not attached to Plaintiff's Complaint) speak for themselves, and deny the remaining allegations of paragraph 21 to the extent they are inconsistent with those documents.

22. Defendants affirmatively allege that the Loan Estimate Statement (not attached to Plaintiff's Complaint) speaks for itself, and deny the remaining allegations of paragraph 22 to the extent they are inconsistent with that document.
23. Defendants affirmatively allege that the Closing Disclosure Statement (not attached to Plaintiff's Complaint) speaks for itself, and deny the remaining allegations of paragraph 23 to the extent they are inconsistent with that document.
24. Defendants affirmatively allege that the Closing Disclosure Statement (not attached to Plaintiff's Complaint) speaks for itself, and deny the remaining allegations of paragraph 24 to the extent they are inconsistent with that document.
25. Defendants are without sufficient information with regard to the allegations in paragraph 25, and therefore deny the same.
26. Defendants are without sufficient information with regard to the allegations in paragraph 26, and therefore deny the same.
27. Defendants believe that the allegations contained in paragraph 27 may be true, but are without knowledge or information sufficient to make an unequivocal admission of such, and therefore deny the same.
28. Defendants affirmatively allege that the revised final Closing Disclosure Statement (not attached to Plaintiff's Complaint) speaks for itself, and deny the remaining allegations of paragraph 28 to the extent they are inconsistent with that document.
29. Defendants affirmatively allege that the revised final Closing Disclosure Statement (not attached to Plaintiff's Complaint) speaks for itself, and deny the remaining allegations of paragraph 29 to the extent they are inconsistent with that document.
30. Defendants affirmatively allege that the revised final Closing Disclosure Statement (not attached to Plaintiff's Complaint) speaks for itself, and deny the remaining allegations of paragraph 30 to the extent they are inconsistent with that document.

31. Defendants are without sufficient information with regard to the allegations in paragraph 31, and therefore deny the same.

32. Defendants are without sufficient information with regard to the allegations in paragraph 32, and therefore deny the same.

33. Defendants are without sufficient information with regard to the allegations in paragraph 33, and therefore deny the same.

34. Defendants are without sufficient information with regard to the allegations in paragraph 34, and therefore deny the same.

35. Defendants are without sufficient information with regard to the allegations in paragraph 35, and therefore deny the same.

36. Defendants affirmatively allege that the revised final Closing Disclosure Statement dated May 25, 2021 (not attached to Plaintiff's Complaint) speaks for itself, and deny the remaining allegations of paragraph 36 to the extent they are inconsistent with that document.

37. Defendants are without sufficient information with regard to the allegations in paragraph 37, and therefore deny the same.

38. Defendants are without sufficient information with regard to the allegations in paragraph 38, and therefore deny the same.

39. Defendants are without sufficient information with regard to the allegations in paragraph 39, and therefore deny the same.

40. Defendants are without sufficient information with regard to the allegations in paragraph 40, and therefore deny the same.

41. Defendants are without sufficient information with regard to the allegations in paragraph 41, and therefore deny the same.

42. Defendants are without sufficient information with regard to the allegations in paragraph 42, and therefore deny the same.

43. Defendants are without sufficient information with regard to the allegations in paragraph 43, and therefore deny the same.

44. Defendants affirmatively allege that the closing documents (not attached to Plaintiff's Complaint) speak for themselves, and deny the remaining allegations of paragraph 44 to the extent they are inconsistent with those documents.

45. Defendants are without sufficient information with regard to the allegations in paragraph 45, and therefore deny the same.

46. Defendants are without sufficient information with regard to the allegations in paragraph 46, and therefore deny the same.

47. Defendants are without sufficient information with regard to the allegations in paragraph 47, and therefore deny the same.

48. Defendants are without sufficient information with regard to the allegations in paragraph 48, and therefore deny the same.

49. Defendants are without sufficient information with regard to the allegations in paragraph 49, and therefore deny the same.

50. Defendants are without sufficient information with regard to the allegations in paragraph 50, and therefore deny the same.

51. Defendants are without sufficient information with regard to the allegations in paragraph 51, and therefore deny the same.

52. Defendants are without sufficient information with regard to the allegations in paragraph 52, and therefore deny the same.

53. Defendants are without sufficient information with regard to the allegations in paragraph 53, and therefore deny the same.

54. Defendants are without sufficient information with regard to the allegations in paragraph 54, and therefore deny the same.

55. Defendants are without sufficient information with regard to the allegations in paragraph 55, and therefore deny the same.

56. Defendants are without sufficient information with regard to the allegations in paragraph 56, and therefore deny the same.

57. Defendants believe that the allegations contained in paragraph 57 of Plaintiff's Complaint may be true, but are without knowledge or information sufficient to make an unequivocal admission of such, and therefore deny the same.

58. Defendants affirmatively allege that the Final Master Statement from Chicago Title Agency, Inc. (not attached to Plaintiff's Complaint) speaks for itself, and deny the remaining allegations of paragraph 58 to the extent they are inconsistent with that document.

## III. LEGAL CLAIMS

### CLAIM ONE: VIOLATION OF THE TRUTH IN LENDING ACT: FAILURE TO TIMELY DISCLOSURE LOAN TERMS

**(Defendants Lender/Originator: Barrett, Broker Solutions, Inc. and Kind Lending**

59. Defendants incorporate each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

60. Defendants deny that they violated the Truth in Lending Act Regulation Z.

61. Defendants deny the allegations of paragraph 61.

62. Defendants affirmatively allege that 12 C.F.R. § 1026.17(f) speaks for itself and paragraph 62 alleges matters of law, which do not require a response.

63. Defendants affirmatively allege that paragraph 63 alleges matters of law, which do not require a response.

64. Defendants deny the allegations of paragraph 64.

65. Defendants deny any liability to Ms. Creech for actual and statutory damages and reasonable legal service fees and costs. Defendants further lack sufficient

knowledge or information to respond to the remaining allegations in paragraph 65 against the other named defendants.

**CLAIM TWO: A.R.S. §§ 44-521 to 44-1534**
**Violations of the Arizona Consumer Fraud Act**
**(Defendants Barrett Financial Group, L.L.C. & John Hegglin)**

66. Defendants incorporate each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

67. Defendants admit that Plaintiff purports to bring an action as described in paragraph 67.

68. Defendants affirmatively allege that A.R.S. §§ 44-1521(6) speaks for itself and paragraph 68 alleges matters of law, which do not require a response.

69. Defendants affirmatively allege that A.R.S. §§ 44-1521(6) speaks for itself and paragraph 69 alleges matters of law, which do not require a response.

70. Defendants affirmatively allege that A.R.S. §§ 44-1521(5) speaks for itself and paragraph 70 alleges matters of law, which do not require a response.

71. Defendants affirmatively allege that A.R.S. §§ 44-1521(6) speaks for itself and paragraph 71 alleges matters of law, which do not require a response.

72. Defendants are without sufficient information with regard to the allegations in paragraph 72, and therefore deny the same.

73. Defendants are without sufficient information with regard to the allegations in paragraph 73, and therefore deny the same.

74. Defendants are without sufficient information with regard to the allegations in paragraph 74, and therefore deny the same.

75. Defendants are without sufficient information with regard to the allegations in paragraph 75, and therefore deny the same.

76. Defendants are without sufficient information with regard to the allegations in paragraph 76, and therefore deny the same.

77. Defendants affirmatively allege that paragraph 77 alleges matters of law, which do not require a response.

**CLAIM THREE:**
**BREACH OF CONTRACT**
**(Defendant Lenders)**

78. Defendants incorporate each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

79. Defendants admit that Plaintiff purports to bring an action as described in paragraph 79.

80. Defendants affirmatively allege that the loan agreement (not attached to Plaintiff's Complaint) speaks for itself, and deny the remaining allegations of paragraph 80 to the extent they are inconsistent with that document.

81. Defendants deny the allegations of paragraph 81.

82. Defendants are without sufficient information with regard to the allegations in paragraph 82, and therefore deny the same.

83. Defendants deny the allegations in paragraph 83.

84. Defendants affirmatively allege that A.R.S. § 12.341.01 speaks for itself and paragraph 84 alleges matters of law, which do not require a response.

**CLAIM FOUR:**
**A.R.S. § 47.1304. Violation of Good Faith and Fair Dealing**

85. Defendants incorporate each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

86. Defendants affirmatively allege that paragraph 86 alleges matters of law, which do not require a response.

87. Defendants affirmatively allege that the Good Faith and Fair Dealing statute speaks for itself. Defendants are without sufficient information with regard to the remaining allegations in paragraph 87, and therefore deny the same.

88. Defendants are without sufficient information with regard to the allegations in paragraph 88, and therefore deny the same.

89. Defendants admit that Plaintiff purports to seek damages as described in paragraph 89.

**AGENCY/VICARIOUS LIABILITY**

90. Defendants incorporate each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

91. Defendants affirmatively allege that paragraph 91 alleges matters of law, which do not require a response.

92. Defendants affirmatively allege that paragraph 92 alleges matters of law, which do not require a response.

93. Defendants affirmatively allege that paragraph 93 alleges matters of law, which do not require a response. Defendants are without sufficient information with regard to the remaining allegations in paragraph 93, and therefore deny the same.

94. Defendants deny the allegations in paragraph 94.

95. Defendants are without sufficient information with regard to the allegations in paragraph 95, and therefore deny the same.

96. Defendants are without sufficient information with regard to the allegations in paragraph 96, and therefore deny the same.

97. Defendants deny the allegations in paragraph 97.

98. Defendants deny the allegations in paragraph 98.

**AFFIRMATIVE DEFENSES**

99. Defendants affirmatively allege that Plaintiff's Complaint fails to state a claim upon which relief may be granted, in whole or in part;

100. Defendants affirmatively allege that no basis in fact or law support Plaintiff's Complaint, and therefore, Plaintiff's claims should be dismissed and the Plaintiff take nothing;

101. Defendants affirmatively allege that Plaintiff's Complaint, and each cause of action allegedly contained therein, is barred because Plaintiff has not suffered any damages as a result of any conduct, acts or omissions by Defendants;

102. Defendants affirmatively allege that adequate disclosures were made to Plaintiff in compliance with the Truth in Lending Act and Regulation Z;

103. Defendants affirmatively allege that the Complaint and each of its purported causes of action are barred pursuant to 15 U.S.C. § 1640(c) because the alleged violations of TILA, if any, resulted from a bona fide error;

104. Defendants affirmatively allege that the Complaint and each of its purported causes of action are barred pursuant to 12 C.F.R. § 226.14(a) n.31a because the alleged violations of TILA, if any, resulted from a calculation error;

105. Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, because Plaintiff is limited to a single recovery pursuant to 15 U.S.C. § 1640(g);

106. Defendants affirmatively allege that Plaintiff has failed and continues to fail to mitigate any damages Plaintiff allegedly suffered;

107. Defendants affirmatively allege that none of their acts attributed to them in Plaintiff's Complaint, as a matter of law, may be regarded as the actual proximate cause of any damages that Plaintiff seeks to recover;

108. Defendants affirmatively allege that Plaintiff's claims are barred by the doctrine of latches, unclean hands, statute of limitations, offset, set off, statute of frauds, or such other affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure as may be determined to be applicable through discovery. Defendants reserve the right to add affirmative defenses which may be supported by the evidence discovered in this matter.

109. Defendants are entitled to their attorneys' fees, court costs, and other taxable costs incurred in defending against this action pursuant to the written purchase agreement and/or ARS §§ 12-341 and 12-341.01.

## IV.DEMAND FOR JURY TRIAL

110. Defendants demand trial by jury.

## V. PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court enter judgment in favor of Defendants on all claims in Plaintiff's Complaint, that Plaintiff take nothing by virtue of its Complaint, and that Defendants be awarded their costs and attorneys' fees.

DATED this 2nd day of September, 2022.

SPENCER FANE LLP

*s/ Anelisa Benavides*
Anelisa Benavides
Attorneys for Defendants Broker Solutions, Inc., dba Kind Lending and Kind Lending, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2022, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Christine Anderson Ferraris, #031414
A. FERRARIS LAW, P.L.L.C.
333 N. Wilmot, Suite 340
Tucson, AZ 85711
cferraris@ferrarislaw.com
Counsel for Plaintiff

*s/ Anelisa Benavides*