Roger A Wright, SBA #014150
**WRIGHT LAW FIRM, PLC**
3532 E Cotton Court
Gilbert, Arizona 85234
(480) 558-1700
office@wrightlawaz.com
*Attorney for Defendant*
*Barrett Financial Group, LLC*

# THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Bonnie Creech, | Case No.: CV-22-00871-PHX-SMB |
| Plaintiff, | |
| vs. | **DEFENDANT BARRETT FINANCIAL GROUP'S 12(B)(6) MOTION TO DISMISS** |
| Barrett Financial Group, L.L.C.; Broker Solutions, Inc., dba Kind Lending, Kind Lending, L.L.C.; John Claude Hegglin, an individual, and as an agent of Barrett Financial Group, L.L.C., Broker Solutions, Inc., dba Kind Lending; and Kind Lending L.L.C.; and Jane and John Doe employees 1-10. | |
| Defendants | |

Defendant Barrett Financial Group, LLC respectfully moves to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6). Defendant submits the accompanying Memorandum of Law in support thereof, together with a proposed Order pursuant to LRCiv 7.1.

RESPECTFULLY SUBMITTED this 2nd day of September 2022.

**WRIGHT LAW FIRM, PLC**
*By: /s/ Roger A. Wright*
Roger A. Wright (AZ # 014105)
3532 E Cotton Court
Gilbert, Arizona 85234
Telephone: (480) 558-1700
office@wrightlawaz.com
*Counsel for Barrett Financial Group, LLC*

i

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

FACTUAL SUMMARY .........................................................................................................2

LEGAL STANDARD.............................................................................................................3

ARGUMENT..........................................................................................................................4

    I.      THE CLAIM FOR VIOLATION OF TILA (COUNT I) AGAINST BARRETT
          FINANCIAL GROUP SHOULD BE DISMISSED BECAUSE PLAINTIFF LACKS A
          PRIVATE RIGHT OF ACTION .....................................................................................4

    II.     PLAINTIFF'S CONSUMER FRAUD CLAIM MUST BE DISMISSED BECAUSE
          PLAINTIFF HAS NOT SUFFERED AN INJURY UNDER THE STATUTE AND
          BECAUSE THIS CLAIM HAS NOT BEEN PLED WITH PARTICULARITY AS
          REQUIRED UNDER FED.R.CIV.P. 9(b) ........................................................................5

          A.    Plaintiff Has Failed to Plead Facts to Support Detrimental Reliance......................6

          B.    Plaintiff Has Failed to Plead with Particularity under Rule 9(b) ............................7

    III.    COUNTS III AND IV (BREACH OF CONTRACT AND BREACH OF DUTY OF
          GOOD FAITH AND FAIR DEALING) SHOULD BE DISMISSED BECAUSE
          BARRETT FINANCIAL GROUP WAS NOT A PARTY TO THE LOAN AGREEMENT
          .................................................................................................................................10

    IV.    COUNT V (AGENCY/VICARIOUS LIABILITY) MUST ALSO BE DISMISSED
          BECAUSE IT IS NOT A STANDALONE CAUSE OF ACTION................................12

CONCLUSION.....................................................................................................................12

ii

# **TABLE OF AUTHORITIES**

**CASES**

*Abrams v. CIBA Specialty Chemicals Corp*., 2008 WL 4183344, 4 (S.D.Ala. 2008)............................9

*Ackerman v. Northwestern Mut. Life Ins. Co*., 172 F.3d 467, 469 (7th Cir.) .........................................8

*Anderson v. District Bd. of Trustees of Cent. Florida Community College,* 77 F.3d 364, 366 (11th Cir. 1996) ...............................................................................................................................................9

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)...................................................................................3, 4, 7

*Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) .....................................................7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).......................................................................3, 4

*Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) .............................................................9

*Byrne v. Nezhat*, 261 F.3d 1075, 1129–1130 (11th Cir. 2001).............................................................9

*Cetto v. LaSalle Bank Nat'l Ass'n,* 518 F.3d 263, 271 (4th Cir. 2008) .................................................5

*Clark v. Compania Ganadera de Cananea, S.A.,* 95 Ariz. 90, 387 P.2d 235 (1963) ..........................10

*Comunale v. Traders & General Insurance Co.,* 50 Cal.2d 654, 658, 328 P.2d 198, 200 (1958). ......11

*Correa v. Pecos Valley Dev. Corp*., 617 P.2d 767, 771 (Ariz. App. 1980)............................................6

*Dawson-Murdock v. Nat'l Counseling Grp., Inc.*, 931 F.3d 269, 271-72 (4th Cir. 2019) ....................3

*Doe v. Sutton-Wallace*, No. 3:18-cv-41, 2019 WL 2061969, at *2 (W.D. Va. May 9, 2019................3

*Dunlap v. Jimmy GMC of Tucson, Inc.,* 666 P.2d 83, 87 (Ariz. App. 1983)..........................................6

*Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346, 125 S.Ct. 1627 (2005) .............................7

*Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001)...........................................................................9

*Grismore v. Capital One F.S.B.,* No. CV 05-2460-PHX-SMM, 2007 WL 841513, at *6 (D. Ariz. Mar. 16, 2007) ................................................................................................................................7

*Khan v. Bank of N.Y. Mellon,* 849 F.Supp.2d 1377, 1378 (S.D.Fla.2012) ............................................4

*Kiper v. BAC Home Loan Servicing, LP*, 884 F. Supp. 2d 561 at 573 (SD Texas 2012)....................10

*Lancaster Cmty Hosp. v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir. 1991), cert. denied, 501 U.S. 1094 (1992).......................................................................................................8

*Law v. Verde Valley*, 217 Ariz. 92, ¶ 13 (App. 2007)...........................................................12

*Lucien v Federal National Mortgage Association*, 21 F. Supp. 3d 1379 (SD Florida 2014 .................5

*McCleary-Evans v. Md. Dept. of Transp., State Highway Admin.*, 780 F.3d 582 (4th Cir. 2015)..........3

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) .......................................8

*Noble v. National American Life Insurance Co., supra; Fortune v. National Cash Register Co.,* 373 Mass. 96, 104, 364 N.E.2d 1251, 1257 (1977);.......................................................................11

*Owens v. BAC Home Loans Servicing, LP*, Civ. A. No. H-11-2742, 2012 WL 1494231, at *6 (S.D. Tex. Apr. 27, 2012)). ..............................................................................................................10

*Palmer v. Web Industries*, CV-04-2362-PCT-SMM (D. Ariz. January 8, 2007) ...................................6

*Parks v. Macro-Dynamics,* 591 P.2d 1005 (Ariz. App. 1979)). .............................................................6

*Roach v. Option One Mortgage Corp.*, 598 F. Supp. 2d 741 (ED Virginia 2009). ................................5

*Robey-Harcourt v. Bencorp Financial Company*, 212 F. Supp. 2d 1332 (WD Oklahoma 2002)..........5

*Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)........................................................................8

*Silvas v. GMAC Mortgage, et. al.*, CV-09-265-PHX-GMS (D. Ariz. April 23, 2009) (........................5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, __ U.S. __, 127 S.Ct. 2499, 2507 (2007).......................7

*Tompkins v. Bank of America, et. al.* , CV-09-2014-PHX-GMS No. CV-09-2014-PHX-GMS (D. Ariz. Jan. 28, 2010);..............................................................................................................................5

*Viernes v. Executive Mortg., Inc.,* 372 F. Supp. 2d 576, 581-82 (D. Haw. 2004) ................................5

*Wagenseller v. Scottsdale Memorial Hospital,* 147 Ariz. 370, 383, 710 P.2d 1025, 1038 (1985);......11

*Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir.2006) ...................................10

*Walker v. Prince George's Cty., Md.*, 575 F.3d 426, 431 (4th Cir. 2009)...............................................4


**RULES**

Fed. R. Civ. P. 8.......................................................................................................................7, 9

Fed.R.Civ.P. 9(b). ...........................................................................................................1, 7, 10, 12

iv

Federal Rule of Civil Procedure ("Rule") 12(b)(6) ........................................................ 1, 3, 12

**TREATISES**

Restatement (Second) of Contracts § 205 (1981) ................................................................ 11

WILLISTON ON CONTRACTS § 670 at 159 (3rd ed., Jaeger ed. 1961) ........................................ 11

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Ms. Creech purchased a manufactured home for her parents. To obtain financing Plaintiff submitted a loan application to Barrett Financial Group. Loan originator John Hegglin then worked with Plaintiff to secure financing. Plaintiff now alleges that various errors were made prior to or during closing. Her claims against the various Defendants allege: (1) violation of Truth in Lending Act (TILA): failure to timely disclose loan terms; (2) violations of the Arizona Consumer Fraud Act (ACFA), (3) breach of contract, and (4) breach of duty of good faith and fair dealing. In addition, Plaintiff attempts to enlarge these claims based on vicarious liability.

Plaintiff's Complaint should be dismissed as to Defendant Barrett Financial Group under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a viable claim for relief, for the following reasons, as articulated more fully in the arguments that follow:

- **Count I:** This count, alleging a violation of TILA, fails because Plaintiff has no private right of action**.**

- **Count II:** Plaintiff's claim for violation of Arizona Consumer Fraud Act claim fails because it is not pled with particularity as required by Rule 9, Fed.R.Civ.P., and because Plaintiff has not shown any injury as a result of reliance. In fact, she has pled the opposite.

- **Count III:** Plaintiff's breach of contract claim fails because Barrett Financial Group was not a party to the loan agreement upon which her contract claim derives.

- **Count IV**: Plaintiff's breach of duty of good faith and fair dealing claim fails for lack of an underlying contract.

In addition, Plaintiff has improperly asserted vicarious liability as a standalone ***count***—when it is not a separate cause of action. This standalone count of vicarious liability should be dismissed as well as it not a standalone claim and Plaintiff's underlying claims must be dismissed.

1

## **FACTUAL SUMMARY**

Defendant Barrett Financial Group is an Arizona mortgage broker. Defendant Mr. Hegglin works for Barrett Financial Group as a loan originator.[1] A mortgage broker acts as an intermediary on behalf of individuals or businesses.[2] Brokers and loan originators help borrowers select the loan that best meets their needs and shop for the best deal among the lenders offering that type of loan. Loan originators take residential mortgage loan applications, counsel borrowers on any problems involved in qualifying for a loan, and negotiate with a lender to obtain terms of a residential mortgage loan. *See* A.R.S. § 6-991(12). In contrast, a lender is a financial institution that makes and funds borrower loans.

Plaintiff contacted John Hegglin to assist her with the purchase of a manufactured home that she would buy for her parents. (DE 1 – Complaint ¶ 9) In March 2021 she submitted a purchase offer, and the offer was accepted. (DE 1 – Complaint ¶ 14) Over the next several weeks Mr. Hegglin worked with Ms. Creech, her realtor, the appraiser, the title company, and with mortgage lender, Broker Solutions, Inc. dba Kind Lending, in order to complete the purchase. During the month of May Ms. Creech was presented with three Closing Disclosure Statements. (DE 1 – Complaint ¶¶ 23, 27, 36, 52)

A Closing Disclosure is a five-page form that provides final details about the mortgage loan selected. It includes the loan terms, projected monthly payments, and how much the borrower will pay in fees and other costs to get a mortgage (closing costs).[3] The lender is required to give a borrower the Closing Disclosure at least three business days before closing on the mortgage loan. This three-day window allows the borrower time to compare the final terms and costs to those

---

[1] https://www.barrettfinancial.com/jhegglin/
[2] https://www.consumerfinance.gov/ask-cfpb/what-is-the-difference-between-a-mortgage-broker-and-a-mortgage-lender-en-130/
[3] https://www.consumerfinance.gov/ask-cfpb/what-is-a-closing-disclosure-en-1983/

estimated in the Loan Estimate that the borrower previously received from the lender.[4] The three days also gives a borrower time to ask the lender any questions before closing or to walk away from the transaction altogether. In this case, the Closing Disclosure Statements provided to Ms. Creech fully informed her regarding the financial terms related to her purchase.

Escrow closed near the end of May 2021, at which time Plaintiff signed a promissory note with Broker Solutions, Ltd. dba Kind Lending, and executed a Deed of Trust. (See Exhibits A and B) Plaintiff has alleged that various errors were made prior to or during closing and is seeking damages through this lawsuit.

## **LEGAL STANDARD**

Rule 12(b)(6) allows a district court to dismiss a complaint for failure to state a claim upon which relief can be granted. On a Rule 12(b)(6) motion, a court accepts the factual allegations set forth in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Dawson-Murdock v. Nat'l Counseling Grp., Inc.*, 931 F.3d 269, 271-72 (4th Cir. 2019). However, "the complaint must state a claim that is plausible on its face, and the Court will not accord the presumption of truth to legal conclusions couched as factual allegations." *Doe v. Sutton-Wallace*, No. 3:18-cv-41, 2019 WL 2061969, at *2 (W.D. Va. May 9, 2019 (citing *McCleary-Evans v. Md. Dept. of Transp., State Highway Admin.*, 780 F.3d 582 (4th Cir. 2015)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). But a complaint that includes only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" does not state a claim for relief. *Twombly*, 550 U.S. at 555. Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[4] https://www.consumerfinance.gov/ask-cfpb/what-is-a-loan-estimate-en-1995/

suffice." *Iqbal*, 556 U.S. at 678; *Walker v. Prince George's Cty., Md.*, 575 F.3d 426, 431 (4th Cir.

2009) (quoting and applying *Iqbal*). Similarly, complaints fail where they "tender[] 'naked assertions'

devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

And if a plaintiff's allegations fail to "nudge[] [its] claims across the line from conceivable to

plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## ARGUMENT

I.   **THE CLAIM FOR VIOLATION OF TILA (COUNT I) AGAINST BARRETT FINANCIAL GROUP SHOULD BE DISMISSED BECAUSE PLAINTIFF LACKS A PRIVATE RIGHT OF ACTION**

   "TILA is a consumer protection statute, and as such must be construed liberally in order to

best serve Congress' intent." *Ellis v. Gen. Motors Acceptance Corp.,* 160 F.3d 703, 707 (11th

Cir.1998). "... TILA creates a private cause of action for actual and statutory damages for certain

disclosure violations, 15 U.S.C. § 1640(a)." *Khan v. Bank of N.Y. Mellon,* 849 F.Supp.2d 1377, 1378

(S.D.Fla.2012). The provision of TILA that creates a private cause of action provides,

> Except as otherwise provided in this section, any ***creditor*** who fails to comply with any requirement imposed under this part, including ... subsection (f) or (g) of section 1641 of this title ... with respect to any person is liable to such person in an amount equal to the sum of —
>
> (1) any actual damage sustained by such person as a result of the failure;
>
> (2)(A) ... (iv) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000;
> . . .
>
> (3) in the case of any successful action to enforce the foregoing liability ... the costs of the action, together with a reasonable attorney's fee as determined by the court ...

15 U.S.C. § 1640(a) (emphasis added).

   Plaintiff's baseline claim is that the Defendants violated 15 U.S.C. ¶ 1639(b)(1) and failed in

their respective duty of care requirement for mortgage originators as implemented by Regulation Z

under 15 U.S.C. 1639(b)(1)(A).  Plaintiff's claim against Barrett Financial Group for a violation of

TILA necessarily fails because TILA does not create a private right of action against mortgage brokers, only creditors. *See* 15 U.S.C. § 1602(f); *Cetto v. LaSalle Bank Nat'l Ass'n,* 518 F.3d 263, 271 (4th Cir. 2008) (affirming dismissal because a mortgage broker was not a "creditor" as defined by 15 U.S.C. § 1602(f)); *Viernes v. Executive Mortg., Inc.,* 372 F. Supp. 2d 576, 581-82 (D. Haw. 2004) (holding that a mortgage broker and one of its officers were not creditors under TILA); *Silvas v. GMAC Mortgage, et. al.*, CV-09-265-PHX-GMS (D. Ariz. April 23, 2009) (citing *Cetto*); *Tompkins v. Bank of America, et. al.* , CV-09-2014-PHX-GMS No. CV-09-2014-PHX-GMS (D. Ariz. Jan. 28, 2010); *Robey-Harcourt v. Bencorp Financial Company*, 212 F. Supp. 2d 1332 (WD Oklahoma 2002) (holding § 1640(a) of TILA does not create a private right of action against mortgage brokers, only creditors); *Lucien v Federal National Mortgage Association*, 21 F. Supp. 3d 1379 (SD Florida 2014); *Roach v. Option One Mortgage Corp.*, 598 F. Supp. 2d 741 (ED Virginia 2009).

Barrett Financial Group served only as the mortgage broker in the transaction, and a private cause of action does not arise against mortgage brokers as a matter of law. The lender in this transaction was Broker Solutions, Inc. dba Kind Lending. This is evidenced in the Deed of Trust and other mortgage documents. (See Exhibit A) Thus, if a violation occurred – and Defendant denies that it did, Plaintiff **<u>does not have a private right of action</u>** to enforce this regulation against Barrett Financial Group or against Mr. Hegglin.

II.    **PLAINTIFF'S CONSUMER FRAUD CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT SUFFERED AN INJURY UNDER THE STATUTE AND BECAUSE THIS CLAIM HAS NOT BEEN PLED WITH PARTICULARITY AS REQUIRED UNDER FED.R.CIV.P. 9(b)**

To establish a claim for consumer fraud, a plaintiff must prove the following elements by a preponderance of the evidence: 1) the defendant engaged in deception, used a deceptive act or practice, fraud, or false pretense, made a false promise or misrepresentation, or concealed, suppressed or omitted a material fact in connection with the sale or advertisement of merchandise; 2) the

5

defendant intended that others rely upon the defendant's unlawful practice; 3) the plaintiff suffered damages as a result of relying on the defendant's unlawful practice; and 4) the amount of plaintiff's damages. *Dunlap v. Jimmy GMC of Tucson, Inc.,* 666 P.2d 83, 87 (Ariz. App. 1983) (citing *Parks v. Macro-Dynamics,* 591 P.2d 1005 (Ariz. App. 1979)). Under Arizona's Consumer Fraud Act, "[d]amage or injury occurs when the consumer relies on the misrepresentation even though the reliance is not reasonable." *Palmer v. Web Industries*, CV-04-2362-PCT-SMM (D. Ariz. January 8, 2007) (citing *Correa v. Pecos Valley Dev. Corp.*, 617 P.2d 767, 771 (Ariz. App. 1980)).  Thus, reliance is a required element of proof under Arizona Consumer Fraud Act.

A.      **Plaintiff Has Failed to Plead Facts to Support Detrimental Reliance**

Here, Plaintiff has failed to plead that she relied on any purportedly fraudulent statement or omission. Plaintiff has pled just the opposite. By Plaintiff's own admission **she did not rely on a misstatement or omission** before proceeding with the purchase transaction. She thus suffered no compensable damage or injury under ACFA.

Plaintiff asserts that she "had relied upon Mr. Hegglin's representations and as a result had unexpected and higher costs and had to pay again fees she had paid for, and accept more onerous payment terms that Mr. Hegglin had represented to Ms. Creech prior to closing." (DE 1 – Complaint ¶ 41) She also alleges that she "relied upon Mr. Hegglin to provide timely notice of changes and moved forward with the loan process not knowing Mr. Hegglin had failed to provide loan information, such as the appraisal report, to Ms. Creech's detriment." However, **Plaintiff contradicts herself just paragraphs later**. She states that when presented with the third Closing Disclosure Statement she found charges that she was not expecting and upon which she has not filed this lawsuit. (DE 1 – Complaint ¶ 52) Furthermore, Plaintiff admits that because after discovering the alleged changes and additional charges she thought about canceling the loan. She both knew that she could and she contemplated whether she should. However, she decided to proceed to avoid "restart[ing] the loan process with another lender, and complete the purchase." (DE 1 – Complaint ¶54) "If she had

cancelled Ms. Creech likely would have had to find a new house suitable for her elderly parents and likely struggled to do so, given the very competitive real estate market." (DE 1 – Complaint ¶55) Thus, "[i]n the face of these mounting pressures of costs, delays, and stress, Ms. Creech knowingly signed the closing documents on May 26th." (DE 1 – Complaint ¶56).

Considering the above, Plaintiff's attempt to plead reliance is nonsensical and unavailing. *Iqbal*, 556 U.S. at 678. If Plaintiff did not alter her behavior in any way following the knowledge of the alleged fraud, then she did not act in reliance. Plaintiff's own admissions are fatal to her ACFA claim which must therefore be dismissed.

### B.      Plaintiff Has Failed to Plead with Particularity Under Rule 9(b)

Plaintiff's ACFA claim should also be dismissed for failure to plead with particularity under Rule 9(b).

#### (i)      Standards of Pleading

Fed.R.Civ.P. 8(a)(2) requires a complaint to contain "a short plain statement of the claim showing that the pleader is entitled to relief." To comply with Fed.R.Civ.P. 8(a)(2), a plaintiff "must plead a short and plain statement of the elements of his or her claim, identifying the transactions or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Although Rule 8 "encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., __ U.S. __, 127 S.Ct. 2499, 2507 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346, 125 S.Ct. 1627 (2005)).

Because Plaintiff's Complaint alleges a cause of action based upon Arizona's Consumer Fraud Act, all averments of fraud or mistake, the circumstances constituting fraud or mistake must be stated "with particularity." Fed.R.Civ.P. 9(b). **A claim under the ACFA is also subject to Rule 9(b).** *See, e.g., Grismore v. Capital One F.S.B.,* No. CV 05-2460-PHX-SMM, 2007 WL 841513, at *6 (D. Ariz. Mar. 16, 2007) By requiring the plaintiff to allege the who, what, where, and when of the

alleged violation, the rule requires the plaintiff to conduct a pre-complaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir.) (the particularity requirement is satisfied if the pleading "identifies the circumstances constituting fraud (or mistake) so that the defendant can prepare an adequate answer from the allegations."), cert. denied, 528 U.S. 874 (1999); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

### (ii)     Failure to Comply with the Pleading Standards

Plaintiff's consumer fraud claim is based on both omissions as well as misrepresentations. What few specific allegations describing the fraud exist are primarily found in ¶¶ 72-74. Plaintiff alleges that Defendants violated the Arizona Consumer Fraud Act "by failing to timely disclose the increased costs of the loan prior to closing, causing Ms. Creech to be charged twice for the architect fee of $672.75, and the $250 mobile notary fee." (DE 1 – Complaint ¶ 72). Continuing, Plaintiff alleges that "Mr. Hegglin's [engaged in] documented and substantial mis-representations and willful deceit." (DE 1 – Complaint ¶ 74). There are other factual details in the complaint, which Plaintiff incorporate by reference. (DE 1 – Complaint ¶ 66) But this is of little help in ferreting out the exact contours of the alleged consumer fraud and thus violates the pleading standards that exist for fraud under Rule 9.

Under Rule 9(b) allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud (or mistake) ... so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). This heightened pleading standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmtv Hosp. v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir. 1991), cert. denied, 501 U.S. 1094 (1992). Thus, "allegations of fraud must be specific enough to give

defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotations omitted). Plaintiff's allegations of overt misrepresentations and deceit are entirely void of any details as to when the misrepresentations were made, how they were made, or the content thereof.  Plaintiff's allegations to Defendants with no means of determining exactly what each Defendant is charged with saying or doing.

It is common practice to incorporate by reference in later claims for relief various allegations made in earlier claims (typically allegations as to jurisdiction, venue, parties, sequence of events). Properly used, such incorporation promotes simple, concise pleadings. *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001). Allegations, however, which incorporate each preceding paragraph, regardless of relevancy, are not permitted. This practice has been harshly criticized as a form of "shotgun pleading" that violates Rule 8's requirement of a "short and plain statement" and interferes with the court's ability to administer justice. *Byrne v. Nezhat*, 261 F.3d 1075, 1129–1130 (11th Cir. 2001). In attacking such pleading, defendant has an obligation to move for a more definitive statement. *Anderson v. District Bd. of Trustees of Cent. Florida Community College,* 77 F.3d 364, 366 (11th Cir. 1996) (Under the Federal Rules of Civil Procedure, a defendant faced with a complaint which incorporates each preceding paragraph, whether relevant or not, is not expected to frame a responsive pleading).

Such pleading is not only unhelpful and poorly drafted but should be avoided because "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. District Bd.*, 77 F.3d  at 367; *Abrams v. CIBA Specialty Chemicals Corp*., 2008 WL 4183344, 4 (S.D.Ala. 2008) ("Simply put, then, the problem with a shotgun pleading is that it prevents the parties and the court from

9

understanding what the case is really about because the pleadings are cluttered with irrelevant and unrelated facts. The consequence is that discovery becomes a fool's errand in which parties seek out facts relating to claims whose parameters are so fuzzy, amorphous and ill-defined as to be utterly indeterminate."). It is not just for the parties that shotgun pleadings are onerous. *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir.2006) ("shotgun pleadings wreak havoc on the judicial system"); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981 (11th Cir. 2008) (shotgun pleadings inexorably broadens the scope of discovery; shotgun pleadings lessen the time and resources the court has available to reach and dispose of the cases, among other problems).

Plaintiff has not offered sufficient detail to maintain a consumer fraud claim as required by Rule 9(b). Plaintiff's Complaint does not set forth the content of the alleged misrepresentations or the reasons the alleged omissions are fraudulent. Plaintiff's fraud by omission allegation, for example, does not explain when the specific communication was made by Hegglin to Plaintiff that should have contained the purportedly absent statement, or what was false or misleading about the statement and why it was false. *See Kiper v. BAC Home Loan Servicing, LP*, 884 F. Supp. 2d 561 at 573 (SD Texas 2012) (citing *Owens v. BAC Home Loans Servicing, LP*, Civ. A. No. H-11-2742, 2012 WL 1494231, at *6 (S.D. Tex. Apr. 27, 2012)). Nor does Plaintiff allege facts demonstrating that the purported omissions occurred with the requisite degree of intent. *See id.*

Therefore, Plaintiff has not satisfied Rule 9(b) and the consumer fraud claim should be dismissed for this reason as well.

**III.  COUNTS III AND IV (BREACH OF CONTRACT AND BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING) SHOULD BE DISMISSED BECAUSE BARRETT FINANCIAL GROUP NOT A PARTY TO THE LOAN AGREEMENT**

Count III of Plaintiff's Complaint is for breach of contract and Count IV for violation of A.R.S. § 47-1304 (duty of good faith and fair dealing). To bring an action for the breach of the contract, the plaintiff has the burden of proving the existence of the contract, its breach and the resulting damages. *Clark v. Compania Ganadera de Cananea, S.A.,* 95 Ariz. 90, 387 P.2d 235 (1963).

10

The law implies a covenant of good faith and fair dealing in every contract. *Wagenseller v. Scottsdale Memorial Hospital,* 147 Ariz. 370, 383, 710 P.2d 1025, 1038 (1985); *see also* Restatement (Second) of Contracts § 205 (1981); WILLISTON ON CONTRACTS § 670 at 159 (3rd ed., Jaeger ed. 1961). The duty arises by virtue of a contractual relationship. The essence of that duty is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship. *Wagenseller,,* 147 Ariz. at 383, 710 P.2d at 1038; *Noble v. National American Life Insurance Co., supra; Fortune v. National Cash Register Co.,* 373 Mass. 96, 104, 364 N.E.2d 1251, 1257 (1977); *Comunale v. Traders & General Insurance Co.,* 50 Cal.2d 654, 658, 328 P.2d 198, 200 (1958). The implied covenant of good faith and fair dealing legally obligates the contracting parties to perform in "good faith" the obligations imposed by their contract.  In other words, such implied covenant requires the parties to act in such a manner that does not violate, nullify, or significantly impair the rights or benefits that the other party has in the contract. The courts will enforce the implied covenant of good faith and fair dealing to protect the right of a contracting party to receive the benefits of the contract that they have entered. Even if the conduct is otherwise allowed by the express terms of the contract, the covenant of good faith and fair dealing precludes a party from acting in bad faith or treating the other party unfairly.

In the Complaint, the heading to Count III describes the scope of the claim as against "Defendant Lenders."[5] In ¶79 Plaintiff states that she is suing Barrett Financial Group for breach of contract. In the next paragraph Plaintiff alleges that the Defendants breached the "loan agreement that prescribed fees and costs." Plaintiff alleges that "Defendant Lenders through their loan officer Hegglin breached [a] promise under the agreement by overcharging fees (charging them twice) and changing loan terms that increased costs from those originally agreed upon." (DE 1 – Compliant ¶80).

---

[5] In ¶ 6, Plaintiff attempts to lump all the defendants together as Lenders, as follows: "Together, Barrett, Broker Solutions, Inc. and Kind Lending, are referenced hereinafter by their name or together as lender/loan originator with Hegglin acting as their respective agent."

11

This Count should be dismissed because Barrett Financial Group is not a party to the loan agreement. Barrett Financial Group's participation was as the mortgage broker, not the Lender. Plaintiff confuses or mischaracterizes the roles and assigns them liability to the loan agreement. (See Exhibit B; Loan Agreement). Given the absence of Barrett Financial Group to referenced loan agreement, there could be no breach. For the same reason Plaintiff fails to state a claim for breach of duty of good faith and fair dealing. Both claims must be dismissed against Barrett Financial Group.

## IV.    COUNT V (AGENCY/VICARIOUS LIABILITY) MUST ALSO BE DISMISSED BECAUSE IT IS NOT A STANDALONE CAUSE OF ACTION

Count V should be dismissed because it is not a standalone cause of action. Even if Plaintiff could prove agency, the claim would still fail because there is no underlying basis for imposing vicarious liability. As noted above, the Plaintiff has no private cause of action against Barrett Financial Group for a TILA violation. Plaintiff's attempts to create one through agency is inapposite. Without any other liability on the part of Barrett Financial Group, there is no liability or fault to impute to Barrett Financial Group; thus, Barrett Financial Group may not be held vicariously liable. *See Law v. Verde Valley*, 217 Ariz. 92, ¶ 13 (App. 2007).

**CONCLUSION**

For the foregoing reasons, Plaintiff's entire Complaint should be dismissed as to Defendant Barrett Financial Group under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a viable claim for relief.  Count I, alleging a violation of TILA, fails because Plaintiff has no private right of action. Count II, Plaintiff's claim for violation of Arizona Consumer Fraud Act claim fails because it is not pled with particularity as required by Rule 9, Fed.R.Civ.P., and because Plaintiff has not shown any cognizable injury as a result of reliance. In fact, she has pled the opposite. Count III for breach of contract claim fails because Barrett Financial Group was not a party to the loan agreement upon which her contract claim derives. Count IV, Plaintiff's breach of duty of good faith

and fair dealing claim fails for lack of an underlying contract. Finally, Plaintiff's agency/vicarious liability claim must be dismissed as it is not a standalone claim.

Dated: September 2, 2022.                        Respectfully Submitted,

**WRIGHT LAW FIRM, PLC**

*By: /s/ Roger A. Wright*
Roger A. Wright (AZ # 014105)
3532 E Cotton Court
Gilbert, Arizona 85234
Telephone: (480) 558-1700
office@wrightlawaz.com
*Counsel for Barrett Financial Group, LLC*

13

**CERTIFICATE OF SERVICE**

I certify that, on September 2, 2022, I filed the foregoing Barrett Financial Group's Motion to Dismiss via the Court's electronic filing system.

The Court's electronic filing system will provide notice and a copy of this filing to the following electronic filing registrants:

Christine Anderson Ferraris
Stephen Weeks
A. FERRARIS LAW, PLLC
333 N. Wilmot, Suite 340
Tucson, Arizona 85711
*cferraris@aferrarislaw.com*
*sweeks@aferrarislaw.com*
*Counsel for Plaintiff*

Anelisa Benavides
SPENCER FANE LLP
2415 E Camelback Rd., Ste. 600
Phoenix, AZ 85016-4251
602-333-5464
*abenavides@spencerfane.com*
*Counsel for Defendant*
*Broker Solutions, Inc. dba*
*Kind Lending*

David Edward Funkhouser , III
SPENCER FANE LLP
2415 E Camelback Rd., Ste. 600
Phoenix, AZ 85016-4251
602-333-5451
*dfunkhouser@spencerfane.com*
*Counsel for Defendant*
*Broker Solutions, Inc. dba*
*Kind Lending*

*by/ Roger A. Wright*
*Counsel for Defendant*
*Barrett Financial Group, LLC*

1