**Moon Law Firm, PLC**
1423 S. Higley Road, Suite 112
Mesa, Arizona 85206
Telephone (480) 590-7359
robert@moonlawaz.com
Robert J. Moon (019909)
*Attorney for Defendant John Claude Hegglin*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bonnie Creech,<br><br>        Plaintiff,<br><br>v.<br><br>Barrett Financial Group, L.L.C.; Broker Solutions, Inc., dba Kind Lending, Kind Lending, L.L.C.; John Claude Hegglin, an individual, and as an agent of Barrett Financial Group, L.L.C., Broker Solutions, Inc., dba Kind Lending; and Kind Lending, L.L.C.; and Jane and John Doe employees 1-10,<br><br>        Defendants. | Case No. 2:22-CV-00871-SMB<br><br>**ANSWER OF DEFENDANT JOHN CLAUDE HEGGLIN** |

Defendant, John Claude Hegglin, through undersigned counsel, answers Plaintiff's Complaint as follows:

### I.        PARTIES, JURISDICTION AND VENUE

1.        Defendant lacks sufficient knowledge to either admit or deny some of the allegations in Paragraph 1 of the Complaint, and therefore denies them.  Defendant admits that Plaintiff borrowed money from the lender defendant to acquire a manufactured home in Kingman, Arizona.

2.        Defendant denies the allegations in the first sentence of Paragraph 2, and admits the other allegations in Paragraph 2.

3.        Defendant admits the allegations in Paragraph 3 of the Complaint.

4.      Defendant lacks sufficient knowledge to either admit or deny the allegations in Paragraph 4 of the Complaint, and therefore denies them.

5.      Defendant lacks sufficient knowledge to either admit or deny the allegations in Paragraph 5 of the Complaint, and therefore denies them.

6.      Paragraph 6 of the Complaint is not an allegation of fact, therefore Defendant does not admit or deny Paragraph 6.

7.      Defendant lacks sufficient knowledge to either admit or deny the allegations in Paragraph 7 of the Complaint and therefore denies them.

8.      Defendant admits the allegations in Paragraph 8 of the Complaint.

## II.      GENERAL ALLEGATIONS

9.      Defendant admits the allegations in Paragraph 9 of the Complaint.

10.     Defendant admits the allegations in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations in Paragraph 12 of the Complaint.

13.     Defendant lacks sufficient knowledge to either admit or deny the allegations in Paragraph 13 of the Complaint, and therefore denies them.

14.     Defendant admits the allegations in Paragraph 14 of the Complaint.

15.     Defendant admits the allegations in Paragraph 15 of the Complaint. Defendant affirmatively alleges that appraisals are performed by an independent third party, who operates outside the Defendant's control. Promptly scheduling an appraisal does not necessarily mean the appraisal will be promptly completed.

16.     Responding to Paragraph 16 of the Complaint, Defendant admits that the appraisal report was not prepared by the appraiser until May 10, 2022. Defendant affirmatively alleges that in the Spring of 2022 appraisers in Mohave County had a significant backlog of work and were not able to prepare reports as quickly as usual. Plaintiff was advised that the appraisal would likely be delayed. On information and belief, the appraiser may have inspected the property on April 16, 2022, but was not able to

complete a report until May 10, 2022.

17. Defendant denies the allegations in Paragraph 17 of the Complaint. Defendant affirmatively alleges that he is not an appraiser and did not prepare the appraisal report at issue in this case.

18. Defendant lacks sufficient knowledge to either admit or deny the allegations in Paragraph 18 of the Complaint, and therefore denies them.

19. Defendant admits the allegations in Paragraph 19 of the Complaint.

20. Defendant admits the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint. Defendant affirmatively alleges that the Changed Circumstances Letter came from the lender, not from him.

22. Defendant admits the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant admits the allegations in Paragraph 24 of the Complaint.

25. Defendant admits the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant lacks sufficient knowledge to either admit or deny the allegations in Paragraph 27 of the Complaint, and therefore denies them.

28. Defendant admits the allegations in Paragraph 28 of the Complaint.

29. Defendant admits the allegations in Paragraph 29 of the Complaint.

30. Defendant admits the allegations in Paragraph 30 of the Complaint. Defendant affirmatively alleges that it was his understanding that this fee would be removed at closing, and believes it was.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint. Defendant affirmatively alleges that the absence of the Manufactured Home Advantage

MOON LAW FIRM
PLC
ATTORNEY AT LAW

sticker was discussed with Plaintiff at the time of the appraisal, and that Plaintiff was advised that the absence of this sticker would change the available loan options, and that the available options were not as financially favorable as a property/home with the sticker.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint. Defendant affirmatively alleges that he complied in all respects with his duties to the Plaintiff.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant admits the allegations in Paragraph 42 of the Complaint. Defendant affirmatively alleges that the referenced disclosures were to come from the lender not the Defendant.

43.     Defendant lacks sufficient knowledge to either admit or deny the allegations in Paragraph 43 of the Complaint, and therefore denies them.  Defendant affirmatively alleges that these disclosures were to come from the lender not the Defendant.

44.     Defendant admits the allegations in Paragraph 44 of the Complaint. Defendant affirmatively alleges that Plaintiff did not personally appear at the closing, but instead signed documents with a mobile notary in her state of residence.  On information and belief, the mobile notary sent the documents two-day air, which delayed receipt of them.

45.     Defendant lacks sufficient knowledge to either admit or deny the allegations in Paragraph 45 of the Complaint, and therefore denies them.  Defendant affirmatively alleges that physical symptoms allegedly suffered by Plaintiff's parents are not a proper basis for claims or damage in this case.

MOON LAW FIRM
PLC
ATTORNEY AT LAW

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Responding to Paragraph 47 of the Complaint, Defendant admits he discussed the mandatory waiting period, but denies the remaining allegations in Paragraph 47.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant lacks sufficient knowledge to either admit or deny the allegations in Paragraph 50 of the Complaint, and therefore denies them.

51.     Defendant admits the allegations in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant lacks the knowledge to either admit or deny the allegations in Paragraph 53 of the Complaint and therefore denies them.  Defendant affirmatively alleges that physical symptoms allegedly suffered by Plaintiff's parents are not a proper basis for claims or damage in this case.

54.     Defendant lacks the knowledge to either admit or deny the allegations in Paragraph 54 of the Complaint and therefore denies them.

55.     Defendant lacks the knowledge to either admit or deny the allegations in Paragraph 55 of the Complaint and therefore denies them.

56.     Responding to Paragraph 56 of the Complaint, Defendant admits Plaintiff signed the closing documents.  Defendant denies all remaining allegations in Paragraph 56.

57.     Defendant lacks the knowledge to either admit or deny the allegations in Paragraph 57 of the Complaint and therefore denies them.

58.     Defendant denies the allegations in Paragraph 58 of the Complaint.

59.     See prior admissions and denials.

60.     Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations in Paragraph 63 of the Complaint.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

64.    Defendant denies the allegations in Paragraph 64 of the Complaint.

65.    Defendant denies the allegations in Paragraph 65 of the Complaint.

66.    See prior admissions and denials.

67.    Defendant denies the allegations in Paragraph 67 of the Complaint.

68.    Defendant denies the allegations in Paragraph 68 of the Complaint.

69.    Defendant denies the allegations in Paragraph 69 of the Complaint.

70.    Defendant denies the allegations in Paragraph 70 of the Complaint.

71.    Defendant denies the allegations in Paragraph 71 of the Complaint.

72.    Defendant denies the allegations in Paragraph 72 of the Complaint.

73.    Defendant denies the allegations in Paragraph 73 of the Complaint.

74.    Defendant denies the allegations in Paragraph 74 of the Complaint.

75.    Defendant denies the allegations in Paragraph 75 of the Complaint.

76.    Defendant denies the allegations in Paragraph 76 of the Complaint.

77.    Defendant denies the allegations in Paragraph 77 of the Complaint.

78.    See prior admissions and denials.

79.    Defendant denies the allegations in Paragraph 79 of the Complaint.

80.    Defendant denies the allegations in Paragraph 80 of the Complaint.

81.    Defendant denies the allegations in Paragraph 81 of the Complaint.

82.    Defendant denies the allegations in Paragraph 82 of the Complaint.

83.    Defendant denies the allegations in Paragraph 83 of the Complaint.

84.    Defendant denies the allegations in Paragraph 84 of the Complaint.

85.    See prior admissions and denials.

86.    Defendant denies the allegations in Paragraph 86 of the Complaint.

87.    Defendant denies the allegations in Paragraph 87 of the Complaint.

88.    Defendant denies the allegations in Paragraph 88 of the Complaint.

89.    Defendant denies the allegations in Paragraph 89 of the Complaint.

90.    See prior admissions and denials.

91.    Defendant denies the allegations in Paragraph 91 of the Complaint.

92.    Defendant denies the allegations in Paragraph 92 of the Complaint.

93.    Defendant denies the allegations in Paragraph 93 of the Complaint.

94.    Defendant denies the allegations in Paragraph 94 of the Complaint.

95.    Defendant denies the allegations in Paragraph 95 of the Complaint.

96.    Defendant denies the allegations in Paragraph 96 of the Complaint.

97.    Defendant denies the allegations in Paragraph 97 of the Complaint.

98.    Defendant denies the allegations in Paragraph 98 of the Complaint.

### *Affirmative Defenses*

Defendant John Hegglin affirmatively alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted, and that it should be dismissed in its entirety.

If Plaintiff incurred damages, which Defendant denies, any such damages were caused all or in part by the Plaintiff and/or the actions of others and not the Defendant.

Plaintiff's claims are barred in whole or in part by the doctrines of accord and satisfaction, estoppel, laches, release, waiver, unclean hands, accord and satisfaction, ratification, lack of damages to Plaintiff, failure to perform, speculative damages, and acquiescence by Plaintiff.

**WHEREFORE,** Defendant prays:

A.  That the Court dismiss Plaintiff's Complaint, with prejudice;

B.  That Defendant be awarded his attorneys' fees and costs under Ariz. Rev. Stat. § 12-341.01 in this matter arising out of contract, 15 U.S.C. § 1640(a)(3), and 28 U.S.C. § 1920;

C.  Any other relief appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 1st day of September 2022.

**MOON LAW FIRM, PLC**

MOON LAW FIRM
PLC
ATTORNEY AT LAW

1

2                                   /s/Robert J. Moon
                                    Robert J. Moon
3                                   *Attorney for the Defendant*
                                    *John Claude Hegglin*
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOON LAW FIRM
PLC
ATTORNEY AT LAW

1

**CERTIFICATE OF SERVICE**

2

3

I certify that, on September 5, 2022, I filed the foregoing John Claude Hegglin's Separate Answer via the Court's electronic filing system.

4

5

The court's electronic filing system will provide notice and a copy of this filing to the following electronic filing registrants:

6

7

8

9

10

11

Christine Anderson Ferraris
Stephen Weeks
A. FERRARIS LAW, PLLC
333 N. Wilmot, Suite 340
Tucson, Arizona 85711
cferraris@aferrarislaw.com
sweeks@aferrarislaw.com
*Counsel for Plaintiff*

12

13

14

15

16

Roger A. Wright
WRIGHT LAW FIRM, PLC
3532 E. Cotton Court
Gilbert, Arizona 85234
office@wrightlawaz.com
*Attorney for Defendant*
*Barrett Financial Group, L.L.C.*

17

18

19

20

21

22

David Funkhouser (No. 022449)
Anelisa Benavides (No. 036446)
SPENCER FANE LLP
2425 East Camelback Road, Suite 850
Phoenix, AZ 85016-4251
dfunkhouser@spencerfane.com
*Attorneys for Defendants Broker Solutions,*
*Inc., dba Kind Lending and Kind Lending,*
*L.L.C*

23

24

25

26

27

28

By */s/ Robert J. Moon*
    Robert J. Moon
    *Attorney for Defendant*
    *John Claude Hegglin*