**Moon Law Firm, PLC**
1423 S. Higley Road, Suite 112
Mesa, Arizona 85206
Telephone (480) 590-7359
robert@moonlawaz.com
Robert J. Moon (019909)
*Attorney for Defendant John Claude Hegglin*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bonnie Creech, <br><br> Plaintiff, <br><br> v. <br><br> Barrett Financial Group, L.L.C.; Broker Solutions, Inc., dba Kind Lending, Kind Lending, L.L.C.; John Claude Hegglin, an individual, and as an agent of Barrett Financial Group, L.L.C., Broker Solutions, Inc., dba Kind Lending; and Kind Lending, L.L.C.; and Jane and John Doe employees 1-10, <br><br> Defendants. | Case No. 2:22-CV-00871-SMB <br><br> **NOTICE OF JOINDER IN BARRETT FINANCIAL GROUP'S MOTION TO DISMISS AND RESPONSE TO MOTION FOR LEAVE TO AMEND COMPLAINT** |

Defendant John Claude Hegglin joins in Defendant Barrett Financial Group LLC's Motion to Dismiss and its Response to Plaintiff's Motion to File First Amended Complaint and Motion to Strike the Motion to Dismiss.

In her initial complaint, Plaintiff purports to assert a claim against Barrett Financial Group for violation of the Truth in Lending Act, and that those alleged violations were due to the action or inaction of Defendant John Hegglin. Mr. Hegglin concurs with Barrett Financial Group's argument that it cannot not liable, as a matter of law, for any alleged violation of the Truth in Lending Act because it is not a creditor. Plaintiff has no cognizable claim against Barrett Financial Group, Mr. Hegglin, or any other party that is not a creditor as that term is defined by the law.

Plaintiff's attempt to amend the factual allegations in her complaint cannot salvage a claim that has no legal basis. Accordingly, the proposed amendment is futile. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).")

Mr. Hegglin concurs with Barrett Financial Group's position that the Court should resolve the pending Rule 12(b)(6) motion before allowing Plaintiff to amend her complaint.

RESPECTFULLY SUBMITTED this 28th day of October, 2022.

**MOON LAW FIRM, PLC**

*/s/Robert J. Moon*
Robert J. Moon
*Attorney for the Defendant*
*John Claude Hegglin*

**CERTIFICATE OF SERVICE**

I certify that, on October 28, 2022, I filed the foregoing Notice of Joinder via the Court's electronic filing system.

The court's electronic filing system will provide notice and a copy of this filing to the following electronic filing registrants:

Christine Anderson Ferraris
Stephen Weeks
A. FERRARIS LAW, PLLC
333 N. Wilmot, Suite 340
Tucson, Arizona 85711
cferraris@aferrarislaw.com
sweeks@aferrarislaw.com
*Counsel for Plaintiff*

Roger A. Wright
WRIGHT LAW FIRM, PLC
3532 E. Cotton Court
Gilbert, Arizona 85234

1  *office@wrightlawaz.com*
   *Attorney for Defendant*
2  *Barrett Financial Group, L.L.C.*
3

4  David Funkhouser (No. 022449)
5  Anelisa Benavides (No. 036446)
   SPENCER FANE LLP
6  2425 East Camelback Road, Suite 850
   Phoenix, AZ 85016-4251
7  dfunkhouser@spencerfane.com
   *Attorneys for Defendants Broker Solutions,*
8  *Inc., dba Kind Lending and Kind Lending,*
9  *L.L.C*

10
11
                                             By */s/ Robert J. Moon*
12                                               Robert J. Moon
                                                 *Attorney for Defendant*
13                                               *John Claude Hegglin*
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOON LAW FIRM
    PLC
ATTORNEY AT LAW

-3-