**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bonnie Creech, | No. CV-22-00871-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| John Claude Hegglin, | |
| Defendant. | |

Pending before the Court is Plaintiff Bonnie Creech's Motion to Join Defendant John Hegglin's Spouse (Doc. 121). After reviewing the briefing, the Court **denies** Plaintiff's Motion for the following reasons.

## I.    BACKGROUND

Plaintiff filed her original Complaint against: Barret Financial Group, LLC; Broker Solutions, Inc., d/b/a Kind Lending; Kind Lending, LLC; John Hegglin; and John and Jane Doe employees. (Doc. 1.) Plaintiff has since amended her complaint four times. (Docs. 32, 52, 68, 115, 120.) However, the Third Amended Complaint ("TAC") controls because the Court ordered Plaintiff to file her Fourth Amended Complaint following a ruling on this motion.

The TAC only names Kind Lending LLC and John Hegglin as Defendants. (Doc. 68.) However, upon motion, the Court dismissed without prejudice Kind Lending, LLC. (Doc. 96.) Accordingly, Hegglin is the only remaining Defendant until Plaintiff files her Fourth Amended Complaint. This Order now determines whether Hegglin's spouse,

Jennifer Piña, may be joined in Plaintiff's Fourth Amended Complaint.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 19 governs compulsory joinder of parties in federal courts. "A Rule 19 motion poses three successive inquiries." *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010) (citation modified). First, the court must determine whether the nonparty should be joined under Rule 19(a) because "the court cannot accord complete relief among existing parties." *Id.* at 1077–78 (quoting Fed. R. Civ. P. 19(a)(1)(A)). Second, if joinder of the nonparty is necessary for relief, the court must determine whether their joinder is feasible. *Id.* at 1078. Third, if joinder is not feasible, the court must determine whether the case can proceed in the nonparty's absence. *Id.*

## III.    DISCUSSION

Plaintiff seeks to join Piña, Defendant's wife. (Doc. 121). Plaintiff asserts that Defendant's wife must be joined in order to "tap the community asset pool" should the Court enter judgment in favor of Plaintiff and against Defendant. (Doc. 121 at 6.) Plaintiff is correct; Piña must be joined for Plaintiff to reach Hegglin's community property. An amendment adding Piña, however, is futile.

### A. Joinder is Required

Under Rule 19(a)(1)(A), Joinder is required where "the court cannot accord complete relief among existing parties" in the non-party's absence. The Court finds joinder of Piña is required here.

In Arizona, "a party seeking damages from community assets for an unpaid debt or breach of an obligation must join both spouses when asserting a cause of action." *Lattin v. Shamrock Materials, LLC*, 503 P.3d 116, 118 (Ariz. 2022) (citing A.R.S. § 25-215(D)). If not, "a judgment entered against a wife who had neither been served nor named, and had not appeared, [is] void insofar as it attempt[s] to bind her or the community." *Vikse v. Johnson*, 672 P.2d 193, 195 (Ariz. Ct. App. 1983). A future judgment of liability for tort, fraud, or breach of contract committed by one spouse for the benefit of the marriage is a

community obligation.  *See Hays v. Richardson*, 386 P.2d 791, 792 (Ariz. 1963) ("It is undisputed that if one spouse is negligent while furthering a community purpose, the community is liable for damages resulting therefrom."); *Cadwell v. Cadwell*, 616 P.2d 920, 923 (Ariz. Ct. App. 1980) ("Our case law has recognized community liability for the fraud of one member."); *Eng v. Stein*, 599 P.2d 796, 798 (Ariz. 1979) ("The contract which forms the basis of this action is presumably a community obligation.").  Therefore, joinder is necessary in such actions to reach marital assets.

Here, Plaintiff alleges Defendant Hegglin violated the Arizona Consumer Fraud Act ("ACFA") by misrepresenting and concealing facts regarding her loan.  (Doc. 121 at 2.) Thus, if Defendant is found liable, and intended to benefit the marriage by these acts, then the community is also liable  *See Ellsworth v. Ellsworth*, 423 P.2d 364, 367 (Ariz. Ct. App. 1967) ("If the husband acts with the object of benefiting the community . . . the obligations so incurred by him are community in nature, whether or not the wife approved thereof."). Accordingly, Plaintiff must join Piña in this suit to seek damages from community assets. The Court now considers whether it can afford Plaintiff complete relief without joining Piña.

Complete relief, under Rule 19, "is concerned with consummate rather than partial or hollow relief as to those already parties."  *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013) (citation modified).  "To be 'complete,' relief must be meaningful relief as between the parties."  *Id.* (citation modified) (emphasis omitted).  Should Plaintiff prevail, the available relief would be minimal without access to the marital assets.  In Arizona, "[a]ll property acquired by either husband or wife during the marriage is the community property of the husband and wife."  *Alvarez v. Saldana*, No. 1 CA-CV 16-0721 FC, 2017 WL 4784486, at *3 (Ariz. Ct. App. Oct. 24, 2017) (quoting A.R.S. § 25-211(A)).  This typically includes income, real and personal property, future earnings, stock options, and the gains attributable to any of these assets.  *See Shaw v. Greer*, 194 P.2d 430, 431 (Ariz. 1948) (income); *In re Jones & Norton*, No. 2 CA-CV 2022-0093-FC, 2023 WL 3909244, at *3 (Ariz. Ct. App. June 8, 2023) (real property); *Cameron v. Cameron*, 715 P.2d 1246, 1247

(Ariz. Ct. App. 1985) (personal property), *State ex rel. Indus. Comm'n of Ariz. v. Wright*, 43 P.3d 203, 207 (Ariz. Ct. App. 2002) (future earnings); *Brebaugh v. Deane*, 118 P.3d 43, 46 (Ariz. Ct. App. 2005) (stock options); *Schickner v. Schickner*, 348 P.3d 890, 895 (Ariz. Ct. App. 2015) (gains).

Here, Defendant has been married to Piña for sixteen years. (Doc. 121-1 at 2.) Therefore, it is dubious whether there is sufficient separate property to satisfy any potential judgment against him. Indeed, Defendant anticipated this reality. He admits that "he engaged in limited discovery in this case, foregoing deposing Plaintiff or any other witness identified by any other party" because he believed "only his sole and separate property was at stake in the litigation." (Doc. 124 at 4.) In other words, the risks of an adverse judgment seemed low given the limited property at stake.

Accordingly, the Court finds that it cannot accord complete or meaningful relief unless Piña is joined. Several courts agree that joining a party's spouse is necessary to accord complete relief to an opposing party under Arizona law. *See, e.g.*, *Weimer v. Maricopa Cnty. Cmty. Coll. Dist.*, 184 F.R.D. 309, 310–11 (D. Ariz. 1998); *Warden v. Coolidge Unified Sch. Dist.*, No. CIV-07-2273-PHX-MHB, 2008 WL 3582804, at *1–2 (D. Ariz. Aug. 13, 2008); *Vicente v. City of Prescott*, No. CV-11-8204-PCT-DGC, 2012 WL 5878844, at *2 (D. Ariz. Nov. 21, 2012).

**B. Joinder is Feasible But Amendment is Futile**

Because joinder is required, the Court must determine if it is feasible. "There are three instances when joinder is not feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." *Gracia v. County of Kern*, No. 1:23-CV-1104-JLT-BAM, 2025 WL 303859, at *2 (E.D. Cal. Jan. 27, 2025), *report and recommendation adopted*, No. 1:23-CV-01104 JLT BAM, 2025 WL 510357 (E.D. Cal. Feb. 14, 2025) (citation modified). Understandably, the parties do not address feasibility because these concerns are not implicated here. Thus, joinder is feasible, and the Court need not continue to step three of the Rule 19 analysis.

However, amendment is futile.  To join Piña at this stage of the proceedings, Plaintiff must amend her Complaint to include a new defendant.  However, as Plaintiff recognizes, such an amendment "must satisfy the requirements of relation back under Federal Rule of Civil Procedure 15(c)" because the statute of limitations has run.  (Doc. 121 at 7.)  Under Rule 15(c)(1)(C), an amendment adding a party relates back when: (1) the claims asserted against the newly added defendant arise out of the conduct, transaction, or occurrence set out in the original pleading; (2) the new defendant had notice of the original action within the period provided by Rule 4(m) for serving the summons and complaint; and (3) the new defendant knew, or should have known, within the Rule 4(m) period that it would have been named in the original complaint but for a mistake of the party's identity. *See In re Honest Co., Inc.*, No. 2:21-CV-07405-MCS-PLA, 2024 WL 466822, at *3 (C.D. Cal. Jan. 31, 2024).  Under Rule 4(m), the service period is ninety days.

Here, the alleged events involving Defendant occurred from January to June in 2021.  (Doc. 68 at 7–15.)  The only claim against Defendant is an alleged violation of the ACFA.  (Doc. 121 at 2; Doc. 115-1 at 19–23.)  This claim is subject to a one-year statute of limitations.  *Steinberger v. McVey ex rel. Cnty. of Maricopa*, 318 P.3d 419, 436 (Ariz. Ct. App. 2014).  Accordingly, to assert a consumer fraud claim against Piña, Plaintiff's amendment must relate back to the original complaint to be timely.  The Court finds that Plaintiff fails to make this showing.

Plaintiff fails to demonstrate that Piña knew, or should have known, within ninety days of the original complaint, that she would have been named but for a mistake of her identity.  *See ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1006 (9th Cir. 2014) ("[N]otice is an essential element in the relation back determination.").  Plaintiff's contention otherwise relies on falsity.  She argues that Piña knew or should have known that "any action stemming from her husband's income-producing acts *that sought recovery from the community estate* would necessarily require her joinder to perfect execution rights" given § 25-215(D).  (Doc. 121 at 9 (emphasis added).)  But the original Complaint *did not* seek recovery from the community estate.  The Complaint did not mention

community property, community assets, marital assets, § 25-215, or even marriage. (Doc. 1.) And Plaintiff does not suggest Defendant's wife had any role or part in his allegedly fraudulent behavior. Simply put, the original Complaint does nothing to put Piña on notice that she would have been named in the lawsuit. Thus, Plaintiff is left to argue that the existence of § 25-215(D) alone is sufficient to notify all spouses that they would have been named in any action against their husband or wife because a plaintiff cannot reach community property otherwise. The Court refuses to adopt such an expansive, per se finding of notice. "Fairness to the defendant demands that the defendant be able to anticipate claims that might follow from the facts alleged by the plaintiff." *Percy v. S.F. Gen. Hosp.*, 841 F.2d 975, 979 (9th Cir. 1988). The dearth of any allegation or reference to Hegglin's marriage until now demonstrates the unfairness of permitting Plaintiff to bring any claim against Piña.

Finally, the Court is not persuaded by Plaintiff's excuses for not naming Hegglin's spouse earlier. Plaintiff contends she "could not have named Mrs. Hegglin earlier because her existence and identity were unknown until Defendant's June 2025 deposition." (Doc. 125 at 8.) But Plaintiff moved to file her Fourth Amended Complaint four months after this deposition and still did not include any reference to Jennifer Piña, Hegglin's marriage generally, or Hegglin's community property. (Doc. 115-1.) Plaintiff acknowledges this mistake as a "technical omission." (Doc. 121 at 9.) But this is Plaintiff's fifth omission—the original Complaint and all four subsequent amendments fail to make any reference to Hegglin's wife or his community property.

Moreover, Plaintiff acknowledges that she contemplated adding a Jane Doe placeholder in the original Complaint for Hegglin's spouse but declined to do so "because federal pleading rules generally prohibit the use of Jane/John Doe designations as placeholders for unknown parties." (Doc. 121 at 2–3.) This argument backfires for three reasons. First, Plaintiff's backpedaling is disingenuous because her original Complaint named two Jane and John Doe employee defendants. Second, Plaintiff misstates the law. Federal law allows doe defendant pleading where "there are specific unknown individuals

whose conduct forms the basis of plaintiff's claims and who may be identifiable through some discovery." *Calderon v. City of San Jose*, No. 24-CV-00289-VKD, 2024 WL 3560729, at *2 (N.D. Cal. July 26, 2024) (citation modified). Third, if true, then Plaintiff contemplated that Hegglin was potentially married before the original complaint. This directly undermines Plaintiff's claim that she had no inkling of Defendant's marriage prior to his deposition. It also undercuts her blame shifting that "Defendant provided no disclosure or notice whatsoever that would have alerted Plaintiff to add or join his spouse earlier." (Doc. 125 at 3.) If Plaintiff considered that Hegglin might have been married, then she should have made any allegation or referenced this marriage in the original complaint—or the four subsequent amendments. If she had, Defendant would have admitted or denied the allegations in his Answer. Therefore, Plaintiff cannot now blame Defendant for information she repeatedly failed to seek.

Accordingly, the Court finds that amendment would be futile here.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Joinder is **denied** (Doc. 121.)

Dated this 2nd day of April, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 7 -