**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bonnie Creech, | No. CV-22-00871-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Barrett Financial Group LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Reconsideration, Clarification, and Amendment (Doc. 148) of the Court's prior Order granting summary judgment (Doc. 144). The Court **denies** the Motion for the following reasons.

## I.      LEGAL STANDARD

"The Court has discretion to reconsider and vacate a prior order." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003). However, "[m]otions for reconsideration are disfavored," *id.*, and "are appropriate only in rare circumstances." *333 W. Thomas Med. Bldg. Enters. v. Soetantyo*, 976 F. Supp. 1298, 1302 (D. Ariz. 1995). Accordingly, "[a] motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Id.* (citation modified). Instead, these motions are only appropriate where the Court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust"; (3) is presented with "an intervening change in controlling law"; or (4) is otherwise presented with "other, highly unusual, circumstances warranting

reconsideration." *Sch. Dist. No. 1J Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## II.   DISCUSSION

Plaintiff moves for limited reconsideration.  She does not seek reconsideration of the Court's conclusion that John Hegglin is entitled to summary judgment or the Court's Local Rule 56.1 ruling.  (Doc. 148 at 14.)  Rather, she only argues the Court errantly entered judgment in Kind Lending LLC's favor.  (*Id.* at 2.)  In its Order, the Court granted summary judgment in Kind Lending LLC's favor as to Plaintiff's sole Arizona Consumer Fraud Act ("ACFA") claim against the entity.  (Doc. 144 at 14.)  The Court explained that Plaintiff's Fourth Amended Complaint only alleged Kind Lending LLC violated the ACFA through Hegglin.  (*Id.* at 11.)  Because the Court found no genuine issue as to whether Hegglin violated the ACFA, it similarly found that Kind Lending LLC could not be liable. (*Id.*)

Plaintiff argues the Court overlooked that the Fourth Amended Complaint also alleges that Kind Lending LLC directly violated the ACFA.  Tellingly, Plaintiff does not point to one allegation under the heading "CLAIM ONE A.R.S. §§ 44-1521 to 44-1534. Violations of the Arizona Consumer Fraud Act (Defendants Kind Lending, LLC, & John Hegglin)" to support this argument.  (Doc. 138 at 18.)  Nor can she.  After asserting Kind Lending LLC violated the ACFA, Plaintiff's only allegations against the entity are in reference to Hegglin's liability: "Kind lending, LLC through Hegglin violated the Arizona Consumer Fraud Act"; "Kind lending, LLC, through Hegglin, failed in its duty of care"; "Such conduct is actionable conduct under the Arizona Consumer Fraud Act against Hegglin individually and against Kind Lending, LLC, by virtue of their apparent or actual respective agency relationship."  (*Id.* at 19–20.)  Thus, the Court rightfully entered judgment in Kind Lending LLC's favor because Plaintiff premised these allegations on Hegglin's liability.

Plaintiff cannot cure this defect by citing various paragraphs in the "General Allegations" portion of the Fourth Amended Complaint.  Such a Frankenstein attempt to

plead Kind Lending LLC's direct liability does not pass Rule 8 muster. "Factual allegations, however detailed, must be tied to corresponding causes of action." *Gibson v. City of Portland*, 165 F.4th 1265, 1293 (9th Cir. 2026). This is especially true where there are multiple defendants. *See Tamraz v. Bakotic Pathology Assocs., LLC*, No. 22-CV-0725-BAS-WVG, 2022 WL 16985001, at *2 (S.D. Cal. Nov. 16, 2022) ("To comply with Rule 8(a)(2), a plaintiff suing multiple defendants must allege the basis of his claims against each defendant." (citation modified)). The Court cannot be expected to wade through Plaintiff's general allegations and pick and choose which facts support which Defendant and which claim. That is Plaintiff's responsibility. And because Plaintiff is represented, there is no reason to relax this requirement. *But see Tompkins v. EMC Mortg. Corp.*, No. CV 10-608-PHX-SRB, 2010 WL 11629509, at *6 (D. Ariz. June 14, 2010) (noting "that the requirements of Rule 8 are relaxed with respect to pro se litigants"). For these reasons, the Court finds that Plaintiff's Fourth Amended Complaint does not give Kind Lending LLC fair notice of the grounds upon which it directly violated the ACFA. Because this is Plaintiff's fourth time amending her Complaint, the Court will not grant her further leave.

Accordingly, the Court will not reconsider its entry of judgment in Kind Lending LLC's favor.

**III.    CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED denying** Plaintiff's Motion for Reconsideration (Doc. 148).

Dated this 6th day of August, 2026.

_____
Honorable Susan M. Brnovich
United States District Judge